BENJAMIN FOSTER COMPANY, a corporation created by and existing under the Laws of the State of Delaware,

*vs.*

E. L. BRUCE COMPANY, a corporation created by and existing under the laws of the State of Delaware.

*New Castle, Feb.* 14, 1930.

*Arthur G. Logan*, of the firm of Marvel, Morford & Ward, for complainant.

*Clarence A. Southerland*, of the firm of Ward & Gray, for defendant.

THE CHANCELLOR. The answer, when a plea accompanies it, is said by *Story* in his work on *Equity Pleading*, § 671, to form no part of the defense set up by the plea. "It is," he states, "correctly considered, no part of the defense. But it is properly a discovery of that evidence, which the plaintiff has a right to require, and to use, in order to invalidate the defense made by the plea upon the argument of the sufficiency of the plea, before other evidence can be given."

The plea in this case makes special reference to paragraphs 13 to 23, inclusive, of the answer and incorporates these paragraphs in the plea itself.

Examining the bill, the answer and the plea, we find this situation. The bill alleges title in the formula and process to be in the complainant; the answer denies this; the plea avers the title to be in Milton Gray; and the answer in one of those paragraphs which by reference are incorporated in the plea, avers that cold plastic mastic, such as the formula and process in question are concerned with, have been known, utilized and com-

mercially sold for many years; that many formulas for its manufacture are disclosed in the literature dealing with the subject, that all the formulas are basically the same, and that in short they cannot in any sense be regarded as trade secrets entitled to protection.

Thus the answer contains evidence from the defendant itself which refutes the claim of ownership in Gray which the plea sets up, a claim which is the necessary basis for the contention that Gray is an indispensable party. In view of the averments in the answer, the plea should be overruled.

The application of the defendant to amend its plea by striking out the reference to paragraphs 13 to 23 inclusive of the answer if granted, would not aid the defendant's situation. This is for the reason that even though the plea makes no specific reference to the answer, the complainant may nevertheless refer to the answer for evidence against the averments in the plea. The motion to amend, therefore, should be denied.

Order accordingly.